IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL CRAIG WORRALL, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:22-cv-00392-B |
| RIVER SHACK LLC d/b/a WOODSHED SMOKEHOUSE and LOVE STYLE, INC., | § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants River Shack LLC d/b/a Woodshed Smokehouse and Love Style, Inc. (together, "River Shack" or "Defendants")[1] move to dismiss Plaintiff Paul Craig Worrall's ("Worrall" or "Plaintiff") First Amended Complaint (Doc. 21). As more fully explained and supported in Defendants' brief in support, Plaintiff's sole remaining claim for associational disability discrimination under the Americans with Disabilities Act ("ADA") should be dismissed, with prejudice.

First, despite being afforded a second opportunity to cure his pleading deficiencies, Plaintiff has still failed to plead facts sufficient to show that his wife had an actual disability within the meaning of the ADA. Second, even if Plaintiff pled facts sufficient to demonstrate that his wife had an actual disability within the meaning of the ADA, he further failed to plead facts sufficient to demonstrate that Defendants had knowledge of his wife's alleged disability, including how her

---

[1] Plaintiff Worrall was a former employee of River Shack LLC, but never employed by Love Style, Inc. For purposes of the instant motion, Defendants presume solely for the sake of argument that Worrall was employed by both entities.

1

COVID illness substantially limited her major life activities. Finally, Plaintiff failed to plead facts sufficient to show that his termination of employment was somehow connected to his association with his wife, who he alleges is disabled. In fact, nowhere in his First Amended Complaint does Plaintiff ever directly allege or provide any alleged facts which would lead a factfinder to conclude that he was terminated *because* of his association with his wife.

Defendants, therefore, respectfully request the Court dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice.

Dated: September 20, 2022					Respectfully submitted,

        */s/ Eric L. Vinson*
        Eric L. Vinson (Attorney-in-Charge)
        Texas State Bar No. 2403115
        LITTLER MENDELSON, P.C.
        A Professional Corporation
        100 Congress Avenue, Suite 1400
        Austin, Texas 78701
        512.982.7263 (telephone)
        512.982.7248 (facsimile)
        evinson@littler.com

        M. Collin Quigley
        Texas State Bar No. 24100928
        LITTLER MENDELSON, P.C.
        A Professional Corporation
        2001 Ross Avenue, Suite 1500
        Dallas, TX  75201
        214.880.8100 (telephone)
        214.880.0181 (facsimile)
        cquigley@littler.com

        ***Attorneys for River Shack LLC d/b/a Woodshed Smokehouse and Love Style, Inc.***

## CERTIFICATE OF SERVICE

   I certify that, on this 20th day of September 2022, I served a copy of the foregoing document on Plaintiff's counsel of record via the CM/ECF system and via email as follows:

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, LLP
244 Fifth Ave., Suite H211
New York, New York 10001
(646) 248-2288
wharman@theharmanfirm.com

***Attorney for Plaintiff***
***Paul Craig Worrall***


                */s/ Eric L. Vinson*
                Eric L. Vinson

4856-8439-1731.2 / 114488-1001